## George R. Boyd, Appellee, v. David C. Schnell, trading as T. Schnell, Appellant.

### Gen. No. 22,910.  (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed December 21, 1917.

### Statement of the Case.

Action by George R. Boyd, plaintiff, against David C. Schnell, trading as T. Schnell, defendant, to recover the value of certain shipments of hay made by plaintiff to defendant. From a judgment for plaintiff for $629.18, defendant appeals.

LEVISOHN & LEVISOHN, for appellant; ALVIN E. STEIN, of counsel.

CHARLES W. STIEFEL, for appellee.

MR. JUSTICE MCDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. ASSUMPSIT, ACTION OF, § 6*—*when court has jurisdiction of action to recover on common counts for value of shipments of hay.* In an action to recover on the common counts for the value of certain shipments of hay made by plaintiff to defendant, to which the defendant pleaded the general issue, with affidavit averring that plaintiff had agreed to make the shipments on consignment, that defendant was to sell the same, and that the profits, if any, were to be equally divided between them, and that defendant had sold the hay and made full accounting therefor to plaintiff, *held* that the court had jurisdiction of the action, whether or not the parties were copartners in the contemplated profits, where the evidence tended to show that under the agreement plaintiff was to purchase the hay, advance the purchase price thereof and draw on defendant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for same, and that his compensation was to be paid out of the profits realized from defendant's sale of the hay.

2. APPEAL AND ERROR, § 1060*—*when error cannot be predicated upon giving of an instruction.* Error cannot be predicated upon the giving of an instruction where the record fails to disclose on whose behalf it was given.

3. DAMAGES, § 200*—*when instruction properly refused.* An instruction excluding the element of profits *held* properly refused where there was no evidence tending to show profits and plaintiff made no claim therefor.

4. APPEAL AND ERROR, § 1514*—*when improper remarks of counsel are not reversible error.* Improper remarks of plaintiff's counsel in his closing argument to the jury were not reversible error where plaintiff's recovery was limited to moneys actually advanced by him, in an action on the common counts.